UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| GINA CROSSETTI AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. CROSSETTI, JR., <br><br> Plaintiff, <br><br> v. <br><br> CARGILL, INCORPORATED, <br><br> Defendant. | Civil Action No.: 3:18-cv-30002 (KAR) <br><br> **CARGILL, INCORPORATED'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

Shortly before the statute of limitations expired, Plaintiff filed this lawsuit against Defendant Cargill, Incorporated ("Cargill"), alleging that Cargill should be held liable for a workplace accident that caused the death of Plaintiff's husband, Robert A. Crossetti, Jr., in November 2014. Plaintiff then waited over two months (past the expiration of the statute of limitations) before attempting to serve Cargill with process, and, even then, failed to comply with long-established Massachusetts law governing service of process on corporations. Cargill is therefore, as a matter of law, not an official party to this action and Plaintiff's complaint against it should be dismissed under Rule 12(b)(5). The dismissal should be with prejudice, as the statute of limitations will bar any attempt by Plaintiff to re-file and serve Cargill.

## BACKGROUND [1]

On September 28, 2017, Plaintiff filed this lawsuit in Hampden County Superior Court alleging that Cargill owned property and equipment in Westfield that was operated by Salt City, Inc., and that Mr. Crossetti died on November 19, 2014 while "working within the course and scope of his employment with Salt City."[2] The complaint asserts counts for negligence and wrongful death.[3]

Massachusetts law gave Plaintiff until December 27, 2017—90 days after filing the complaint—to serve Cargill with process. *See* Mass. R. Civ. P. 4(j). This deadline was memorialized in the tracking order that the Superior Court provided to Plaintiff.[4] On November 29, 2017—62 days after filing the complaint, and ten days after the statute of limitations had expired—Plaintiff mailed a certified letter to Cargill enclosing copies of the summons and complaint.[5] But this letter was addressed to "Cargill Incorporated," rather than to a specific individual, as explicitly required by the Massachusetts Rules of Civil Procedure and Massachusetts General Laws chapter 223A, § 6, and c. 223, §§ 37–38.[6] The letter identified Massachusetts Rule of Civil Procedure 4(e)(3)—service via

---

[1] The facts in this section are drawn from the following documents, which are contained in the record or submitted as exhibits: Complaint (Dkt. 3) ("Compl."); Massachusetts Superior Court Civil Tracking Order (Dkt. 3) ("Tracking Order"); Notice of Removal (Dkt. 1) ("Notice of Removal"), and the exhibits to the Declaration of Eric C. Ernstene: Plaintiff's Affidavit of Service ("Decl. Ex. A"), Envelope containing Plaintiff's counsel's letter ("Decl. Ex. B"), and 11-29-17 Chieco (Plaintiff's counsel) letter ("Decl. Ex. C").
[2] Compl. at ¶¶ 3-4.
[3] Compl. at ¶¶ 10–18.
[4] Tracking Order.
[5] Decl. Ex. A (Plaintiff's Affidavit of Service) at 2.
[6] Decl. Ex. B (Envelope containing Plaintiff's counsel's letter).

mail—as the method for service of process.[7] The letter, summons, complaint, civil action cover sheet, and scheduling order in the civil action were delivered to Cargill's Minnesota headquarters on December 4, 2017, two weeks and a day after the statute of limitations had expired.[8]

On January 2, 2018, Cargill removed this action to federal court on the basis of diversity jurisdiction.[9] Cargill now moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

## ARGUMENT

It is a "longstanding tradition in our system of justice" that service of process operates to provide a court with "power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). A defendant is not obliged to do anything without effective service of process:

> Accordingly, **one becomes a party officially**, and is required to take action in that capacity, **only upon service** of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.

*Id.* (emphasis added) (internal citation omitted). Here, Plaintiff failed to comply with Massachusetts law governing service of process on corporations. Cargill is therefore not,

---

[7] Decl. Ex. C (11-29-17 Chieco letter).
[8] Decl. Ex. A (Plaintiff's Affidavit of Service) at 2.
[9] Notice of Removal at ¶ 3.

3

in *Murphy Brothers*' words, "a party officially" to this action, and the claims against it should be dismissed. This dismissal should be with prejudice because the statute of limitations has expired, any future action against Cargill arising out of Mr. Crossetti's accident would thus be futile, and there is no valid excuse for the failure to serve Cargill.

## I. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO SERVE CARGILL WITH PROCESS.

Plaintiff failed to serve Cargill with process under Massachusetts law. State law governs the sufficiency of service of process before removal of an action to federal court. *See* Fed. R. Civ. P. 81(c)(1) (stating that the federal rules "apply to a civil action *after* it is removed from state court" (emphasis added)). When, due to insufficient service of process, a "state court lacked jurisdiction [over] the parties" before removal, a "federal court acquire[s] none" upon removal. *Garden Homes, Inc. v. Mason*, 238 F.2d 651, 653 (1st Cir. 1956) (affirming dismissal of removed action due to insufficient service of process). To determine whether such a "procedural deficienc[y] prior to removal" exists, a federal court applies "the same test that the state court would have applied." *Osborne v. Sandoz Nutrition Corp.*, No. 95-1278, 1995 WL 597215, at *2 (1st Cir. Oct. 6, 1995).

Here, the test that the state court would have applied is found in Massachusetts Rule of Civil Procedure 4. Under Massachusetts' Rule 4(j), a plaintiff must serve process on "a defendant within 90 days after the filing of the complaint." If a plaintiff fails to do so and "cannot show good cause why such service was not made within that period, the action ***shall*** be dismissed as to that defendant without prejudice . . . . " *Id.* (emphasis added). Here, Plaintiff filed this lawsuit on September 28, 2017. She therefore had until

4

December 27—or 90 days after filing—to effectuate service of process. Because Plaintiff failed to do so and lacks good cause for the failure, the complaint should be dismissed.

> A. **Plaintiff mailed the summons and complaint to a corporate entity rather than to a specific "person to be served," despite explicit rules requiring such, and thus failed to accomplish service of process on Cargill.**

Plaintiff did not do what the service-of-process rules plainly require. Upon commencing an action, the plaintiff or her attorney must deliver a copy of the summons and complaint to the defendant as provided by Massachusetts' Rule 4. That rule permits a plaintiff to serve a defendant outside of Massachusetts if the defendant is subject to personal jurisdiction in the commonwealth. Mass. R. Civ. P. 4(e); *see also* Mass. G.L.c. 223A, § 4 ("When the exercise of personal jurisdiction is authorized by this chapter, service may be made outside this commonwealth."). But such out-of-state service must be accomplished in one of five specific ways:

> (1) in any appropriate manner prescribed in subdivision (d) of [Rule 4]; or
> (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or
> (3) by any form of mail addressed to ***the person to be served*** and requiring a signed receipt; or
> (4) as directed by the appropriate foreign authority in response to a letter rogatory; or
> (5) as directed by order of the court.

Mass. R. Civ. P. 4(e) (emphasis added). Plaintiff failed to satisfy the requirements of any of these methods.

5

Plaintiff's cover letter identified Massachusetts Rule of Civil Procedure 4(e)(3)—service via mail—as the basis for service of process.[10] That rule requires that the mail be "addressed to *the person* to be served." Mass. R. Civ. P. 4(e)(3) (emphasis added); *see also* Mass. G.L.c. 223A, § 6(a)(3). In the case of a corporation, only certain persons are authorized to be served on the corporation's behalf. These include "the president, treasurer, clerk, resident agent . . . , cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found . . . any member of the corporation." Mass. G.L.c. 223, § 37; *see also* Mass. G.L. § 38 (stating that a foreign corporation may be served "in accordance with the preceding section relative to service on domestic corporations in general, instead of upon the state secretary"). Service by mail on a corporation must therefore be addressed to "one of these designated individuals" identified in Massachusetts General Laws chapter 223, § 37. *Kagan v. United Vacuum Appliance Corp.*, 357 Mass. 680, 685 (1970); *see also* Mass. G.L.c. 223A, § 8 (stating that when Massachusetts law "requires that in order to effect service one or more designated individual be served, service outside [the] commonwealth . . . ***shall be made upon the designated individual or individuals***" (emphasis added)).

Massachusetts law is clear that service upon a corporation must be made by service upon its agent or another natural person who holds one of a limited number of enumerated roles within the corporation. In *Kagan*, the Supreme Judicial Court of Massachusetts analyzed the requirements in Massachusetts' Rule 4(e) and the statutory

---

[10] Decl. Ex. C (11-29-17 Chieco letter).

provisions above and held that service was invalid where the plaintiff had sent registered mail to "United Vacuum Appliance, Connersville, Indiana" rather than a requisite designated individual. *Kagan*, 357 Mass. at 684-85. Applying *Kagan*, the Massachusetts Appeals Court has similarly dismissed complaints when the mail containing the summons and complaint was addressed "not to a particular officer or authorized person, as required by G.L. c. 223, §§ 37, 28," but rather to a corporate entity. *See Jean v. Direct Merchant Bank Cardmember Servs. Household Bank*, No. 08-P-884, 2009 WL 1183896, at *1-2 (Mass. App. Ct. May 5, 2009); *see also Carey Int'l, Inc. v. Carey Limo Serv. Inc.*, No. 12-12142, 2011 WL 9819989, at *1 (D. Mass. Sept. 22, 2011) (stating that "**courts construe the enumerated list of individuals in M.G.L. c. 223, § 37 narrowly**" and that "a receptionist does not ordinarily qualify as a corporation's agent" (emphasis added)). Here, the certified mail containing the summons and complaint was not addressed to any of the required individuals whom Massachusetts has determined are acceptable proxies for notice to a corporate defendant. Plaintiff's attempt to serve Cargill by mailing a letter to "Cargill Incorporated" in Wayzata, Minnesota is therefore deficient in exactly the same way as the plaintiff's attempt in *Kagan*.

Massachusetts' insistence on serving a natural person, rather than simply a legal construct such as a corporation, serves the worthy interest of ensuring that an individual with the authority to take legal action on the corporation's behalf is informed of the suit in a timely manner. The primary purpose of the service-of-process rules is to give the defendant fair notice that a lawsuit has been filed against it and of the time in which the defendant must respond or risk a default. *Hanna v. Plumer*, 380 U.S. 460, 462 n.1

(1965). This purpose would be thwarted if service on a corporation could be effected on anyone who happens to receive mail at a corporation's address, irrespective of the individual's relationship with the corporation and "authority to make high-level decisions on the part of the enterprise." *See Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014). Further, even if a random employee who received the summons and complaint eventually directed notice of the suit to an individual able to respond to legal action on a corporation's behalf, the delay associated with that transfer of information would deprive a corporate defendant of essential, rule-mandated time to craft a response to the suit.

In addition to failing to properly serve under the subsection of Massachusetts Rule 4(e) which it apparently intended to use, Plaintiff failed to complete service in any other manner prescribed by Massachusetts' Rule 4(e):

- **Rule 4(e)(1):** This sub-section permits service to be done as prescribed in Rule 4(d). Rule 4(d)(2), which governs service upon domestic and foreign corporations subject to suit in Massachusetts, provides that the summons and complaint must be delivered either "to a managing or general agent, or to the person *in charge of* the business at the principal place of business thereof within the Commonwealth, if any" or "by delivering such copies to any other agent authorized by appointment or by law to receive service of process." Mass. R. Civ. P. 4(e)(1) (emphasis added). But here, even though Cargill maintains an agent in Massachusetts

authorized to receive service of process,[11] Plaintiff did not serve that agent or anyone else authorized by law to receive service of process.

- **Rule 4(e)(2):** Plaintiff likewise did not avail herself of Rule 4(e)(2)'s option of serving process in the manner prescribed by the place where service was attempted (here, Minnesota). Under Minnesota law, service by mail is effective only if the mailing includes an acknowledgment of receipt and that acknowledgment is received by the sender within the time permitted by rule to serve an answer. Minn. R. Civ. P. 4.05; *see Kokosh v. $4657.00 U.S. Currency*, 898 N.W.2d 284, 288 (Minn. Ct. App. 2017) ("Service by mail requires strict compliance and is not effective if the acknowledgment is not signed and returned."). Plaintiff's mailing to Cargill did not include the requisite acknowledgment form and Plaintiff will not be able to show that she received an acknowledgement within the prescribed time.

- **Rule 4(e)(4) & 4(e)(5):** Plaintiff sought no letter rogatory and there was no court order directing how service was to be accomplished.

Accordingly, Plaintiff failed to serve Cargill with process within 90 days of filing the complaint, as required by Massachusetts' Rule 4(j). The case was therefore "legally dead" before it was removed to federal court. *See Osborne*, 1995 WL 597215, at *2.[12]

---

[11]   *See* Cargill, Incorporated Business Entity Summary, Sec'y of the Commonwealth of Mass., *available at* http://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary/CorpSearch.aspx (last visited Jan. 9, 2017).

[12]   Removal of this action to federal court did not extend or restart this 90-day period. When a plaintiff fails to perfect service prior to a case being removed to federal court, 28 U.S.C. § 1448 provides that "process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." But since diversity jurisdiction is derivative of state jurisdiction, section 1448 "does not retroactively extend the time limits prescribed by state law in cases where service

### B. Plaintiff has no good cause for the failure to serve Cargill.

Plaintiff lacks good cause to excuse this failure to effectuate service of process within 90 days of filing the complaint. Good cause is "a stringent standard requiring ***diligen[t]*** albeit unsuccessful effort to complete service within the period prescribed by" Rule 4(j). *Shuman v. The Stanley Works*, 30 Mass. App. Ct. 951, 953 (1991) (emphasis added) (internal quotation marks and citation omitted). The plaintiff bears the burden of demonstrating "'good cause' why service was not made within the time period required by the rule." *Id.* A plaintiff's failure to satisfy this burden "does not merely permit, ***but mandates***, dismissal" of the action. *Zophin & Keith, P.C. v. Sidell*, No. 14-400013, 2015 WL 1516022, at *2 (Mass. App. Ct. Mar. 16, 2015) (emphasis added); *see also Comm'r of Revenue v. Carrigan*, 45 Mass. App. Ct. 309, 311 (1998) (stating that dismissal for untimely service of process under parallel federal rule is "mandatory rather than discretionary in the absence of good cause or a request for extension of time" (internal quotation marks and citation omitted)).

Most often, good cause is found **not** in the conduct of the plaintiff's counsel but rather in wrongful conduct by the party to be served. *See, e.g., Zophin & Keith*, 2015 WL 1516022, at *2 (finding good cause when defendant had listed multiple incorrect addresses, and the plaintiff's counsel had exercised due diligence in attempting to

---

was untimely *before* the action is removed to federal court." *See Morton v. Meagher*, 171 F. Supp. 2d 611, 615-16 (E.D. Va. 2001) (collecting cases); *see also Osborne*, 1995 WL 597215, at *2 (concluding that district court had correctly applied Massachusetts Rule of Civil Procedure 4(j)'s 90-day standard, rather than 28 U.S.C. § 1448). Here, Plaintiff failed to comply with Rule 4(j)'s 90-day-deadline before this case was removed to this Court. Removal thus did not trigger a new opportunity for Plaintiff to effectuate service of process.

10

effectuate service of process). Indeed, the only example of good cause provided in the legislative history of Federal Rule of Civil Procedure 4(j), the parallel federal rule, "is the obvious one of a defendant's evasion of service." *Shuman*, 30 Mass. App. Ct. at 953 (internal quotation marks and citation omitted). Mere "inadvertence of counsel and half-hearted efforts" to effectuate service of process, however, do "not constitute good cause." *Carrigan*, 45 Mass. App. Ct. at 313.

Here, nothing beyond "[i]nadvertence, lassitude, and half-hearted[ness]" explains Plaintiff's failure to serve Cargill with process. *See Pantos v. Zarozny*, No. 10-70010, 2011 WL 4463447, at *3 (Mass. App. Ct. Sept. 20, 2011). Plaintiff filed suit on September 28, and therefore had until December 27 to effectuate service of process. Plaintiff waited over 60 days after filing the complaint before making any attempt at all to serve Cargill, even though the applicable limitations period had expired in the interim.[13] And this attempt to serve Cargill with process was "half-hearted" at best. Plaintiff failed to follow black-letter Massachusetts law providing that service via mail on a corporation must be directed to a designated individual, to ensure that an individual with the authority to take legal action on the corporation's behalf is informed of the suit in a timely manner. *See Kagan*, 357 Mass. at 684-85.

Plaintiff's failure to follow this basic, essential procedural rule is particularly inexplicable given Cargill's business-entity summary on the Secretary of the Commonwealth of Massachusetts' website. That summary lists multiple potential

---

[13] *See* Decl. Ex. A (Plaintiff's Affidavit of Service) at 2.

"designated individuals" for Cargill, including Cargill's president, treasurer, and secretary.[14] Moreover, that summary provides the name and address of Cargill's registered agent to receive service of process in Massachusetts.[15] Plaintiff could therefore have served Cargill's designated agent in Massachusetts without taking the risk of resorting to an attempted service via U.S. mail.

The good-cause requirement is "stringent," *Shuman*, 30 Mass. App. Ct. at 953, and does **not** consider arguments about whether the defendant has been prejudiced by the failure of service. The Massachusetts Appeals Court has made clear that prejudice does not factor into the good-cause analysis:

> It appears that the statute of limitations as to the earliest of the four tax years at issue here ran shortly after the complaint was filed. This was a grim reality of which the [plaintiff] was or should reasonably have been aware in the ninety-day period following the filing of his complaint, since noncompliance with rule 4(j) absent good cause merits dismissal of the complaint, albeit without prejudice. . . . [¶] ***Whether or not [the defendant] was prejudiced by the [plaintiff's] tardiness is not a relevant consideration***, and thus does not enter into our analysis. Nor is it dispositive that [the defendant] may have had actual notice of the [plaintiff's] claim against him.

*Carrigan*, 45 Mass. App. at 315-316 (emphasis added) (also noting that the plaintiff, "[r]ather than taking additional steps to ensure timely service, thereby treating the ninety-day rule 4(j) period with the respect reserved for a time bomb," failed to follow the procedure laid out in the rules (internal quotation marks and citation omitted)).

---

[14] Cargill, Incorporated Business Entity Summary, Sec'y of the Commonwealth of Mass., *available at* http://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary/CorpSearch.aspx (last visited Jan. 9, 2017).
[15] *Id.*

12

The Appeals Court has consistently applied this principle as well:

> We recognize that a dismissal without prejudice would likely mean that the plaintiff's cause of action in this case would be time-barred by the statute of limitations.... ***This will, of course, sometimes be the inevitable consequence*** of such a dismissal. It does not prevent the operation of rule 4(j), much less provide a basis of a finding of good cause for the failure to make service.

*Hull v. Attleboro Savings Bank*, 33 Mass. App. Ct. 18, 27 (1992) (emphasis added) (footnote omitted). *See also, e.g., Shuman*, 30 Mass. App. Ct. at 953 n.3 ("That [the plaintiff's] cause of action against the defendant is time-barred, as the statute of limitations has now expired, ***does not prevent dismissal***" (emphasis added)). Federal courts have similarly dismissed claims for insufficient service of process, even when the statute of limitations would preclude a plaintiff from re-filing suit. *See, e.g., Martin v. Big Apple Deli, LLC*, No. 14-3042, 2015 WL 13103544, at *2 n.3 (D. Md. Nov. 19, 2015); *Thompson v. Larkins*, No. 93-3363, 1994 WL 66131, at *4 (N.D. Ill. Mar. 2, 1994) ("Rule 4(j) was not intended to assist plaintiffs who ignore or negligently fail to follow procedural mandates.").

In sum, Plaintiff failed to serve Cargill with process within the time prescribed by Massachusetts law and lacks good cause for that failure. Cargill is therefore not "a party officially" to this lawsuit, *Murphy Bros.*, 526 U.S. at 350, and this case—like those of the plaintiffs in *Osborne, Jean, Shuman, Carrigan, and Pantos*—should be dismissed.

## II. THE COMPLAINT SHOULD BE DISMISSED <u>WITH PREJUDICE</u> BECAUSE ANY FUTURE CLAIMS WOULD BE BARRED BY THE STATUTE OF LIMITATIONS.

Although a dismissal for failure to serve process is usually without prejudice, the dismissal here should be with prejudice because the applicable limitations periods have expired, and because Cargill did not even receive actual notice of the complaint until after the limitations period. *See Chico v. Miller*, No. 05-3101, 2005 WL 2664586, at *6 (N.D. Ill. Oct. 19, 2005) (dismissing complaint for insufficient service of process with prejudice because limitations period had expired); *Espinal v. Hampton Shuttle, Inc.*, No. 0500053, 2005 WL 2525412, at *2 (Mass. Super. Ct. Aug. 31, 2005) (same, applying Massachusetts law). Indeed, it would "be false generosity to ignore a jurisdictional defect that is bound to be fatal to [Plaintiff's] case[] eventually." *Cutting v. United States*, 204 F. Supp. 2d 216, 218 (D. Mass. 2002) (Ponsor, J.) ("reluctantly" dismissing wrongful-death claims due to statute of limitations).

A three-year statute of limitations governs Plaintiff's wrongful-death and conscious-pain-and-suffering claims. *See* Mass. G.L.c. 229, § 2 (stating that wrongful-death claim must be filed "within three years from the date of death, or within three years from the date when the deceased's executor or administrator knew, or in the exercise of reasonable diligence, should have known of the factual basis for a cause of action"); Mass. G.L.c. 260, § 2A (stating that tort claim to recover for personal injuries must be commenced "within three years next after the cause of action accrues"). These claims

accrued on November 19, 2014, the date of Mr. Crossetti's accident.[16] *See Cigna Ins. Co. v. Oy Saunatec, Ltd.*, 241 F.3d 1, 9 (1st Cir. 2001) ("[Massachusetts] courts have adopted the date of injury as the date a cause of action usually accrues."). Accordingly, the statute of limitations expired on November 19, 2017.

Although Plaintiff initially filed suit within this limitations period (on September 28, 2017), if the Complaint is dismissed for failure to serve Cargill with process, as the rules require, then the statute of limitations would bar any attempt to refile claims against Cargill. Massachusetts' saving statute would not permit Plaintiff to refile suit beyond the limitations period:

> If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form . . . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal . . . .

Mass. G.L.c. 260, § 32. Here, as shown above, Plaintiff's failure to serve Cargill with process was not due to an "unavoidable accident" or the "default or negligence of the officer to whom such process [was] committed," *id.*, but "rather simply attorney negligence, which is not an exception," *Velez Negron v. Dozier*, No. 10-1201, 2011 WL 1564108, at *1 (Mass. App. Ct. Apr. 26, 2011).

The dismissal would also not be for a mere "matter of form," as the failure to serve process in a timely manner (besides the two statutory exceptions above) is "a defect

---

[16] Compl. at ¶ 9.

15

of substance." *Id.* The specific enumeration of the two exceptions "suggests that the statute was intended to be applicable to dismissal for insufficient service of process only if attributable to one of the two specified reasons." *Krasnow v. Allen*, 29 Mass. App. Ct. 562, 565–66 (1990). Or, "[a]t the very least, the language suggests that the action would be saved only if there is *some* acceptable reason for the insufficiency of service of process." *Id.* Attorney negligence is not such an acceptable reason. *See Velez Negron*, 2011 WL 1564108, at *1; *see also Espinal*, 2005 WL 2525412, at *2 (concluding that claim dismissed for untimely service of process under Massachusetts' Rule 4(j) due to Plaintiff's "[i]nadvertence and lack of diligence" could not be "re-filed under the catchall clause" of the savings statute).

Further, even if there were an acceptable reason for Plaintiff's failure to serve Cargill with process, the "touchstone for what constitutes dismissal for reasons of matter of form is whether, ***within the original statute of limitations period***, the defendant had actual notice that a court action had been initiated." *Liberace v. Conway*, 31 Mass. App. Ct. 40, 44 (1991) (emphasis added) (footnote omitted).[17] When a defendant lacks notice within the limitations period, however, a dismissal is "a matter of substance rather than form." *Hallisey v. Bearse*, 60 Mass. App. Ct. 916, 916 (2004) (internal quotation marks and citation omitted); *see also Krasnow*, 29 Mass. App. Ct. at 566 ("Failure to provide a

---

[17] A Massachusetts federal-court decision has declined to follow the notice-within-the-limitations-period rule set forth in *Liberace*. *See Chao v. Balista*, 645 F. Supp. 2d 51, 53 (D. Mass. 2009). However, the notice requirement is a clear statement of Massachusetts law and should be followed by this Court, as implicitly recognized by *Turner v. Hubbard Sys., Inc.*, No. 12-11407, 2016 WL 1046949, at *14 (D. Mass. Mar. 10, 2016) (stating that an "action is dismissed for form, as opposed to substance. . . where the defendant was on notice of the action within the limitations period," and citing both *Liberace* and *Chao*).

defendant with any notice within the applicable limitations period that a claim is being made against him in court has been regarded, for these purposes, as *a matter of substance rather than form*" (emphasis added)).

Here, Cargill did not receive notice of the suit within the limitations period. Rather, the summons and complaint were delivered via U.S. Mail to Cargill headquarters on December 4, over two weeks after the limitations period had expired. The dismissal here would therefore be a matter of substance, not form, precluding Plaintiff from refiling suit within a year of the dismissal under Massachusetts General Laws chapter 260, § 32. Plaintiff's claims against Cargill should therefore be dismissed with prejudice.

## CONCLUSION

Service of process is a fundamental prerequisite to bringing a defendant within a court's authority. Plaintiff failed to comply with Massachusetts law governing service of process on corporations by mailing the summons and complaint to Cargill's corporate entity, rather than to a designated individual. Cargill is not "a party officially" to this action. *Murphy Bros.*, 526 U.S. at 350. The statute of limitations prohibits the refiling of the claim, and the savings statute does not apply. Therefore, the claims against Cargill should be dismissed with prejudice.

Date: January 9, 2018.                    The Defendant,
                                          CARGILL, INCORPORATED
                                          By Its Attorneys,

                                          /s/ Jeffrey E. Poindexter
                                          Jeffrey E. Poindexter, BBO No. 631922
                                          Elizabeth S. Zuckerman, BBO No. 673190
                                          BULKLEY, RICHARDSON AND GELINAS, LLP
                                          1500 Main Street, Suite 2700
                                          Springfield, MA  01115-5507
                                          Telephone:   (413) 781-2820
                                          Facsimile:   (413) 272-6806
                                          jpoindexter@bulkley.com
                                          ezuckerman@bulkley.com

                                          Robert J. Gilbertson  (*pro hac vice* to be filed)
                                          Jenny Gassman-Pines  (*pro hac vice* to be filed)
                                          Caitlinrose H. Fisher  (*pro hac vice* to be filed)
                                          GREENE ESPEL PLLP
                                          222 South Ninth Street, Suite 2200
                                          Minneapolis, MN  55402
                                          Telephone:   (612) 373-0830
                                          BGilbertson@GreeneEspel.com
                                          JGassman-Pines@GreeneEspel.com
                                          CFisher@GreeneEspel.com

                                          *Attorneys for Defendant Cargill, Incorporated*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 9, 2018, I caused the foregoing document to be filed electronically on CM/ECF, thereby causing electronic notice to be provided to all counsel of record and mailed First Class Mail to all other parties.

                                          /s/ Jeffrey E. Poindexter
                                          Jeffery E. Poindexter