UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| GINA CROSSETTI AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. CROSSETTI, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>Defendant. | Civil Action No.: 3:18-cv-30002 (KAR)<br><br>**CARGILL'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO PERFECT SERVICE OF PROCESS** |

Shortly before the limitations period on her claims expired, Plaintiff filed this action against Defendant Cargill, Incorporated ("Cargill") in Massachusetts Superior Court. Plaintiff then failed to bring Cargill within the court's jurisdiction through service of process in the time required by Massachusetts law, rendering her claims subject to mandatory dismissal under a consistent line of Massachusetts case law. Plaintiff now attempts to cure the service problem by requesting permission to extend the time to perfect service under 28 U.S.C. § 1448, but that statute does not apply here. As the First Circuit and other sister circuits have recognized, Section 1448 cannot be used to resuscitate claims that had already been extinguished before the action was removed to federal court. Because Section 1448 provides no mechanism for a "do-over" after removal, Plaintiff's motion should be denied.

## BACKGROUND [1]

Plaintiff filed this action against Cargill in Massachusetts Superior Court on September 28, 2017, based on a November 2014 workplace accident that resulted in the death of Robert Crossetti, Jr.[2] Under Massachusetts law, Plaintiff had 90 days from filing the action, or until December 27, 2017, to serve the summons and complaint. *See* MRCP 4(j). Plaintiff failed to do so.[3] In November 2017, near the end of this 90-day period, the three-year statute of limitations on Plaintiff's claims expired.[4]

On January 2, 2018, Cargill removed this action to federal court on the basis of diversity of citizenship.[5] One week later, Cargill moved to dismiss Plaintiff's complaint due to insufficient service of process.[6] That same day, Plaintiff filed its motion to extend time to perfect service of process.[7]

## ARGUMENT

The statutory provision invoked by Plaintiff, 28 U.S.C. § 1448, does not apply where, as here, an improperly served action would have been subject to dismissal had it remained in state court. Plaintiff's remaining arguments are irrelevant and meritless. Plaintiff's motion to extend time should be denied.

---

[1] More detail on the facts can be found in Cargill's Memorandum In Support of Motion to Dismiss ("Cargill's motion-to-dismiss brief") (Dkt. 8) at 2.
[2] Complaint (Dkt. 3) at ¶ 9.
[3] *See* Cargill's motion-to-dismiss brief (Dkt. 8) at 4-9.
[4] *See* Cargill's motion-to-dismiss brief (Dkt. 8) at 14-17.
[5] *See* Notice of Removal (Dkt. 1) at ¶ 3.
[6] *See* Cargill's Motion to Dismiss (Dkt. 7) at 1.
[7] Plaintiff's Motion to Extend Time to Perfect Service of Process ("Plaintiff's Motion") (Dkt. 10).

I.  **PLAINTIFF HAS NOT SATISFIED THE TEST FOR A MOTION TO EXTEND TIME TO EFFECT SERVICE.**

Plaintiff argues that she should be granted an extension of time to serve Cargill under 28 U.S.C. § 1448 and "the concept of fundamental fairness" under MRCP 4 and 6.[8] But Section 1448 does not apply when a plaintiff fails to serve process before removal of an action to federal court and the suit would be subject to dismissal if it had remained in state court. That is exactly the circumstance here.

A.  **Because before removal Plaintiff's claims were subject to dismissal and time-barred under Massachusetts law, 28 U.S.C. § 1448 does not apply.**

Plaintiff moves to perfect service under 28 U.S.C. § 1448, which provides that in a removed action "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." But Section 1448 cannot be used to "breathe jurisprudential life in federal court to a case legally dead in state court." *Osborne v. Sandoz Nutrition Corp.*, No. 95-1278, 67 F.3d 289, 1995 WL 597215, at *2 (1st Cir. Oct. 6, 1995) (per curiam) (internal quotation marks and citation omitted).

The validity of service of process before removal is governed by the law of the state in which the case was initially filed (here, Massachusetts). *See* FRCP 81(c) (stating

---

[8] *See* Plaintiff's Motion (Dkt. 10) at 1. Plaintiff's motion also mentions the Federal Rules of Civil Procedure in the first paragraph, but then fails to analyze or make any specific argument with respect to those rules in the remainder of the brief. *See, e.g., id.* at 4 ("[P]ursuant to 28 U.S.C. § 1448, and Rule 4 and 6 of the Massachusetts Rules of Civil Procedure, the Plaintiff seeks an enlargement of time to perfect the allegedly defective service . . . .").

that the FRCP apply *after* a case is removed to federal court). The First Circuit applied this understanding of the interplay between FRCP 81(c) and pre-removal service deficiencies in *Osborne*. In that case, as here, a plaintiff had failed to perfect service of process within the time permitted by Massachusetts law before the action was removed to federal court. 1995 WL 597215, at *1. The district court granted the defendant's motion to dismiss for insufficient service of process and the plaintiff appealed, arguing that under 28 U.S.C. § 1448 and Federal Rule of Civil Procedure 4(m), the plaintiff had 120 days to perfect service after removal. *Id.*; *see also* Memorandum and Order Granting Defendant's Motion to Dismiss (Dkt. 11), *Osborne v. Sandoz Nutrition Corp.*, No. 95-30009 (D. Mass. Mar. 3, 1995) (Freedman, J.). The First Circuit rejected the plaintiff's argument and affirmed the district court's dismissal, reasoning that "state law governs sufficiency of process prior to removal and should be applied by federal courts in determining whether there were procedural deficiencies prior to removal." *Osborne*, 1995 WL 597215, at *2.

Section 1448 does permit a plaintiff to perfect service of process after removal in some circumstances. This provision is commonly used, for example, if not all defendants are served before one defendant removes an action to federal court. *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 167 (3d Cir. 1976) (describing primary purpose of 28 U.S.C. § 1448), *superseded by statute on other grounds as stated in Bradshaw v. Gen. Motors Corp.*, 805 F.2d 110 (3d Cir. 1986). But Section 1448 "does not retroactively extend the time limits prescribed by state law in cases where service was untimely *before* the action is removed to federal court." *Morton v. Meagher*, 171 F.

Supp. 2d 611, 615 (E.D. Va. 2001). The First Circuit therefore concluded in *Osborne* that Section 1448 does not apply when a procedural deficiency with service would have mandated dismissal under Massachusetts law if the action had remained in state court. *See Osborne*, 1995 WL 597215, at *2; *see also Morton*, 171 F. Supp. 2d at 617 (reaching same conclusion, applying Virginia law).[9]

The First Circuit's holding in *Osborne* is consistent with federalism principles animating removal jurisdiction. Diversity jurisdiction is intended to provide a neutral forum without altering the parties' substantive rights. *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 532 (1949). A federal court therefore cannot give a state-law cause of action a "longer life in federal court than it would have had in the state court." *Id.* at 533-34 (affirming appellate court's reversal of denial of summary judgment on limitations grounds because, had the case been originally filed in state court, the mere filing of the suit as opposed to service of summons would not have tolled the limitations period). Plaintiff's motion asks this Court to use Section 1448 to do precisely what *Osborne* and *Ragan* prohibit.

---

[9] The Third, Eighth, and Tenth Circuits have similarly concluded that Section 1448 does not apply when, due to a failure to perfect service before removal, a case would be subject to dismissal had the action remained in state court. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (observing that had removal occurred after the expiration of Plaintiff's time to perfect service, then the "district court would clearly have been correct to dismiss the [Plaintiff's] claims as untimely"); *Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998) ("We do not believe that [28 U.S.C. § 1448] can 'resurrect' a removed diversity case which would have been dismissed as time-barred had it remained in state court."); *Witherow*, 530 F.2d at 163-69 (vacating order denying motion to dismiss and ordering district court to dismiss complaint when Plaintiff failed to obtain jurisdiction over defendant via service within the limitations period).

In sum, this Court should not "penalize [Cargill] for exercising its removal right" by permitting Plaintiff to resurrect an extinguished state-law claim. *Osborne*, 1995 WL 597215, at *2. Accordingly, for the reasons discussed below and in Cargill's motion to dismiss, Section 1448 does not provide a mechanism for Plaintiff to obtain extra post-statute-of-limitations-expiration time that Massachusetts does not allow.

> **B. Plaintiff has not established good cause under MRCP 4(j) to excuse the failure to serve Cargill within 90 days of filing the complaint.**

Whether Plaintiff can perfect service of process under 28 U.S.C. § 1448 is inextricably intertwined with the merits of Cargill's motion to dismiss, namely, whether Plaintiff would have been able to perfect service had the action remained in Massachusetts court. Although Plaintiff's motion invokes both MRCPs 4 and 6, only MRCP 4 governs here. As Plaintiff has failed to satisfy that rule's good-cause standard, her motion should be denied.

MRCP 4(j) serves to "compel attorneys, as well as parties, to be diligent in prosecuting their causes of action." *Brown v. State Ret. Bd.*, No. 99-P-56, 2000 WL 1803953, at *2 (Mass. App. Ct. Nov. 30, 2000). Massachusetts' interest in the diligent prosecution of actions is embodied in the strict construction its courts give to MRCP 4(j):

> Both the unequivocal provisions of [MRCP] 4(j) and the limited Massachusetts case law it has engendered are clear. If service of process is not completed within 90 days of the filing of the complaint and the plaintiff has not sought a [MRCP] 6(b) extension of time for service ***within the 90 day period***, dismissal of the action is mandatory.

*Plavin v. Lutts*, No. 9622, 2000 WL 236468, at *1 (Mass. App. Div. Feb. 25, 2000) (emphasis added); *see also Pantos v. Zarozny*, No. 10-70010, 2011 WL 4463447, at *3

(Mass. App. Div. Sept. 20, 2011) (concluding that district court did not err by ruling that when "the plaintiff has failed to show good cause, the dismissal of the complaint is ***mandatory***") (emphasis added) (internal quotation marks omitted); *Johnson v. Mort*, No. 321700, 2006 WL 3206999, at *3 (Mass. Land Ct. Nov. 7, 2006) (stating that in absence of good cause, MRCP 4(j) "requires mandatory dismissal"). Indeed, the Supreme Judicial Court of Massachusetts has analogized this 90-day service period to a statute of repose:

> [MRCP] 4(j) . . . provides the deadline for service (ninety days after filing of complaint), while providing extensions of that deadline ***only on a showing of 'good cause*** why such service was not made within that period.' Thus, as of ninety days after the end of the repose period, a defendant can proceed 'secure in his reasonable expectation that the slate has been wiped clean' and that the earlier conduct can no longer give rise to any liability.

*Nett v. Bellucci*, 437 Mass. 630, 640 (2002) (emphasis added) (internal footnote and citation omitted). The Appeals Court of Massachusetts has similarly made clear the significance of MRCP 4(j), reversing the denial of a motion to dismiss on the basis of untimely service of process and noting that the plaintiff, "[r]ather than taking additional steps to ensure timely service, ***thereby treating the ninety-day rule 4(j) period with the respect reserved for a time bomb***," had failed to effect service. *Comm'r of Rev. v. Carrigan*, 45 Mass. App. Ct. 309, 315-16 (1998) (emphasis added) (internal quotation marks and citation omitted).

Plaintiff cannot avoid this good-cause standard by also invoking MRCP 6(b). Under MRCP 6(b)(2), a court may permit a party to take an action out of time "where the

failure to act was the result of excusable neglect." But MRCP 6's excusable-neglect standard does not supersede MRCP 4(j)'s good-cause standard.

> [A] plaintiff's reliance on [MRCP] 6(b) . . . ***does not relieve her of the burden of establishing "good cause" under [MRCP] 4(j)***.

*Johnson v. Maynard*, No. 05-P-1650, 2007 WL 1112521, at *2 (Mass. App. Ct. Apr. 13, 2007) (emphasis added).[10] Accordingly, once the 90-day period has passed, a court cannot grant an extension of time in which to perfect service unless a plaintiff establishes good cause for the failure to effect service in a timely way.[11]

Here, Plaintiff neither perfected service within 90 days nor moved within the 90-day period for an extension of time to do so. The only question, therefore, is whether Plaintiff can establish good cause for her failure to meet the 90-day requirement. As demonstrated in Cargill's motion to dismiss, Plaintiff cannot meet Massachusetts' good-

---

[10] Other Massachusetts courts have reached the same conclusion. *See, e.g., Carrigan*, 45 Mass. App. Ct. at 314 n.5 (stating that MRCP 6(b) motion filed after 90-day period expired did "not alter [the court's] analysis since the [plaintiff] ***is not thereby relieved of his burden of showing good cause under [MRCP] 4(j)***") (emphasis added); *Pantos*, 2011 WL 4463447, at *4 ("[An MRCP] 6(b) motion filed . . . *after* the expiration of the [MRCP] 4(j) ninety-day service period does *not* relieve a plaintiff of his burden of establishing good cause to avoid complaint dismissal.") (second emphasis added); *Oldag v. Newton Wellesley Hosp.*, No. 073460, 2009 WL 1449025, at *2 (Mass. Super. Ct. Apr. 30, 2009) ("***Where . . . a motion to extend the time for service has . . . not been brought until after the deadline for service, [MRCP] 4(j) has been strictly enforced***") (emphasis added).

[11] The only Massachusetts case Plaintiff cites to support her invocation of MRCP 6 is *Brunelle v. Blaise*, 18 Mass. L. Rptr. 556 (2004). But, to the extent the *Brunelle* Superior Court's decision to extend the time perfect service was based on MRCP 6, that decision is contrary to the Massachusetts Supreme Judicial Court's description of MRCP 4(j) in *Nett v. Bellucci*, and should not carry any weight in this Court. *See Nett*, 437 Mass. at 640 ("[MRCP] 4(j) . . . provides the deadline for service (ninety days after filing of complaint), ***while providing extensions of that deadline only on a showing of 'good cause*** why such service was not made within that period.'") (emphasis added); *see also Genereux v. Raytheon Co.*, 754 F.3d 51, 57 (1st Cir. 2014) ("The [Massachusetts Supreme Judicial Court] is the final arbiter of Massachusetts law, and a federal court sitting in diversity jurisdiction has no roving writ to rewrite that court's pronouncements about state law.").

cause requirement,[12] and her motion to extend time does not even offer an argument to that effect.[13] Indeed, the motion provides no reason for Plaintiff's failure to follow Massachusetts law governing service of process and instead focuses on a purported lack of prejudice to Cargill, which is irrelevant to a good-cause analysis.[14] Thus, under MRCP 4(j) and the cases interpreting it, Plaintiff would not be entitled to an extension of time to serve the summons and complaint under Massachusetts law. She therefore should not be permitted to re-serve Cargill under 28 U.S.C. § 1448.

    **C.    Even under MRCP 6(b), which does not apply, Plaintiff has not established excusable neglect.**

As discussed above, MRCP 6(b)(2) does not apply here, but even if it did, Plaintiff has not established excusable neglect. MRCP 6(b)(2)'s excusable-neglect standard "is not extended 'to cover any kind of garden-variety oversight.'" *Goldstein v. Barron*, 382 Mass. 181, 186 (1980) (quoting *Pasquale v. Finch*, 418 F.2d 627, 630 (1st Cir. 1969)). Consequently, "[a] flat mistake of counsel about the meaning of a statute," such as what might have occurred here, "may not justify relief." *Id.*; *see also Scheuer v. Mahoney*, 80 Mass. App. Ct. 704, 711 (2011) ("[Defendant's] erroneous assumption that she fulfilled the requirements of the statute is insufficient to establish 'excusable neglect.'").

---

    [12]    *See* Cargill's motion-to-dismiss brief (Dkt. 8) at 10-13.
    [13]    *See* Plaintiff's Motion (Dkt. 10) at 3 (arguing only that "Plaintiff satisfies the *Pioneer* analysis for excusable neglect").
    [14]    *See* Cargill's motion-to-dismiss brief (Dkt. 8) at 12 ("Whether or not [the defendant] was prejudiced by the [plaintiff's] tardiness is not a relevant consideration, and thus does not enter into [a good-cause] analysis." (quoting *Carrigan*, 45 Mass. App. at 315-16)). Cargill recognizes that Plaintiff has raised additional grounds seeking to establish good cause through her opposition to Cargill's motion to dismiss. Cargill is seeking leave from this Court to address those new arguments in a reply brief in support of its motion to dismiss.

This interpretation of "excusable neglect" is consistent with *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), a case invoked by Plaintiff and interpreting the excusable-neglect standard under federal statutes. In *Pioneer*, the Supreme Court set forth four factors that govern the excusable-neglect standard: (1) prejudice to the non-moving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id.* at 395. These four *Pioneer* factors "do not carry equal weight." *Graphic Comms. Int'l Union, Local 12-N v. Quebecor Printing Providing, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) (internal quotation omitted). Rather, "the excuse given for the late filing must have the greatest import." *Id.* (internal quotation omitted). Further, even under the *Pioneer* standard, "there still must be ***a satisfactory explanation*** for the late filing." *Id.* (emphasis added).

Here, Plaintiff has provided no explanation for the late action, let alone a satisfactory one.[15] *See Johnson*, 2007 WL 1112521, at *3 (declining to find excusable neglect when the plaintiff "provide[d] no explanation at all"). It therefore appears that the only explanation for the failure to serve Cargill with process is Plaintiff's failure to

---

[15] Indeed, Plaintiff did not even include an affidavit explaining the reason for the failure to perfect service, as is contemplated by both MRCP 6(c) and FRCP 6(c), although plaintiff did later include such an affidavit with her brief opposing Cargill's motion to dismiss. *See, e.g.*, 10 Mass. Practice Series, Procedural Forms Ann. § 8:3 (6th ed.) ("In support of such a motion, the movant ***must*** submit an affidavit setting forth the circumstances constituting excusable neglect . . . .") (emphasis added); Local Rule 4.1(b) (stating that motion for enlargement of time under FRCP 6(b) must be filed "together with a supporting affidavit"); *see also* Plaintiff's brief opposing Cargill's motion to dismiss (Dkt. 13), Ex. 1. Even to the extent that Plaintiff might attempt to invoke the FRCP to assist her argument, she has not complied with the Local Rule applicable to requests for additional time.

comply with black-letter Massachusetts law. As the Supreme Court noted, however, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. Federal courts applying *Pioneer*'s standard, including the First Circuit, have accordingly held that ignorance or disregard of clear rules does not establish excusable neglect. *See, e.g., Hosp. del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001) ("We have no basis for finding the Hospital's neglect 'excusable' when there is no proffered reason that would justify, or even plausibly explain, its misreading of the rules."); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) (stating that "attorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline"). Plaintiff has not established excusable neglect for her failure to serve Cargill within 90 days within the meaning of the *Pioneer* standard.[16]

Thus, even if Plaintiff could have moved for an extension of time under MRCP 6(b)—and she could not, under the clear Massachusetts law cited above—Plaintiff has failed to establish her eligibility for relief under that rule. Since this action would therefore have been dismissed and time-barred had it remained in Massachusetts court, Plaintiff should not be permitted to re-serve Cargill pursuant to 28 U.S.C. § 1448.

---

[16] Another *Pioneer* factor also weighs in favor of concluding that Plaintiff would not be able to establish excusable neglect: Cargill's interest in repose from actions not properly instituted within the limitations period would be "improperly ignored or lost if [Plaintiff] is permitted to reactivate a lawsuit for inadequate cause." *See Kennedy v. Beth Israel Deaconess Med. Ctr., Inc.*, 73 Mass. App. Ct. 459, 468 (2009). Further, even if Cargill were not prejudiced, such an absence of prejudice alone would not warrant a finding of excusable neglect. Indeed, "[t]he word excusable would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm." *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996).

11

## II. PLAINTIFF FAILED TO SERVE CARGILL.

Plaintiff's remaining arguments concerning the sufficiency of service are unpersuasive and irrelevant. First, Plaintiff states, without analysis, that Cargill was properly served within the time provided by MRCP 4 and Mass. G.L. c. 223A, § 6.[17] That statement is incorrect. As further explained in Cargill's motion to dismiss,[18] service of a corporation by mail is effective under Massachusetts law only if the mailing itself is addressed to one of the corporation's designated representatives permitted to accept service of process. Here, it was not, and Plaintiff does not argue otherwise.

Second, Plaintiff argues that she effected service of process under Minnesota law by "delivering a summons 'to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons.'"[19] Plaintiff invokes Minnesota Rule of Civil Procedure 4.03, but this is a clear misreading of that rule. Minnesota's Rule 4.03 governs personal service, not service via mail, which is governed by a different rule. *Compare* Minn. R. Civ. P. 4.03 (governing "personal service"), *with* Minn. R. Civ. P. 4.05 (governing "service by mail").[20] Further, even putting aside the fact that Rule 4.03 does not apply, Plaintiff has not demonstrated that she actually delivered the mailing to such "an officer or managing

---

[17] Plaintiff's Motion (Dkt. 10) at 3.
[18] Cargill's motion-to-dismiss brief (Dkt. 8) at 5-9.
[19] Plaintiff's Motion (Dkt. 10) at 3 (quoting Minn. R. Civ. P. 4.03).
[20] As discussed in Cargill's motion-to-dismiss brief, Minnesota's rule governing service via mail requires *both* that the mailing include "two copies of a notice and acknowledgment . . . and a return envelope, postage prepaid, addressed to the sender," *and* that the sender actually receive that "acknowledgment of service" back from the defendant within the time a defendant is required to serve an answer. Neither requirement was met here. *See* Cargill's motion-to-dismiss brief (Dkt. 8) at 9.

agent," or "other agent authorized expressly or impliedly . . . to receive service of the summons." Minn. R. Civ. P. 4.03. Indeed, there is no evidence regarding the position held by the individual who signed the certified-mail receipt, let alone evidence of authority to accept service on Cargill's behalf or evidence that would render the individual a managing agent of Cargill. *See Tullis v. Federal Mut. Ins. Co.*, 570 N.W.2d 309, 311-13 (Minn. 1997) (describing "managing agent" and implied-authority standards).

Finally, Plaintiff seemingly mistakes a process defect with a service defect. Plaintiff argues that she effected service under Minnesota law when the "summons was addressed to 'The Officer, Manager or General Agent, or Trustee or the Person in Charge: Cargill, Incorporated' and delivered to the Defendant."[21] But merely obtaining a summons is insufficient to subject a defendant to a court's jurisdiction. Rather, that summons must be properly served on the defendant. Cargill is not challenging the form of the summons or otherwise alleging process defect, but rather is pointing out that the summons was not served in accordance with Massachusetts law. As described above and in Cargill's motion to dismiss, it was not.

## CONCLUSION

Plaintiff failed to serve Cargill with process within 90 days of filing her action and lacks good cause for the failure. Her claim had already been extinguished when this case

---

[21] Plaintiff's Motion (Dkt. 10) at 3.

13

was removed, precluding Plaintiff from taking advantage of 28 U.S.C. § 1448. Cargill therefore respectfully requests that Plaintiff's motion to extend time be denied.

Date: January 23, 2018.

The Defendant,
CARGILL, INCORPORATED
By Its Attorneys,

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter, BBO No. 631922
Elizabeth S. Zuckerman, BBO No. 673190
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Telephone: (413) 781-2820
Facsimile: (413) 272-6806
jpoindexter@bulkley.com
ezuckerman@bulkley.com

Robert J. Gilbertson (*pro hac vice* to be filed)
Jenny Gassman-Pines (*pro hac vice* to be filed)
Caitlinrose H. Fisher (*pro hac vice* to be filed)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 373-0830
BGilbertson@GreeneEspel.com
JGassman-Pines@GreeneEspel.com
CFisher@GreeneEspel.com

*Attorneys for Defendant Cargill, Incorporated*

### Certificate of Service

I, Jeffrey E. Poindexter, attorney for the defendant Cargill, Incorporated, in this above-captioned matter, hereby certify that a true copy of the above document was served upon the attorney of record for each party by ECF filing on January 23, 2018.

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter, Esq.