UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| GINA CROSSETTI AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. CROSSETTI, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>Defendant. | Civil Action No.: 3:18-cv-30002 (KAR)<br><br>**DEFENDANT CARGILL, INCORPORATED'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**(LEAVE GRANTED FEBRUARY 15, 2018)** |

Plaintiff initiated this action shortly before the limitations period on her claims expired. Plaintiff then waited over two months before attempting to serve defendant Cargill, Incorporated ("Cargill") with the summons and complaint, despite a ninety-day deadline to do so. But this eventual attempt at service was ineffective, and Plaintiff's brief lacks a sufficient explanation for this error. Plaintiff instead argues that the Court should exercise discretion to excuse the error. Under the relevant case law, however, this Court has no such discretion because Plaintiff has failed to show good cause for that error. This Court should dismiss the complaint for insufficient service of process.

## ARGUMENT

I.  **PLAINTIFF DID NOT EFFECTIVELY SERVE CARGILL WITH PROCESS.**

Plaintiff has not meaningfully responded to Cargill's argument that Plaintiff failed to serve Cargill with process under Massachusetts law. Indeed, Plaintiff's responsive brief does not even mention the Supreme Judicial Court's decision in *Kagan v. United Vacuum Appliance Corp.* and its progeny, which definitively establish that service on a corporation via mail is effective ***only*** if the mailing itself is addressed to "one of the[] designated individuals" identified in Massachusetts General Laws Chapter 223, § 37.[1] 357 Mass. 680, 685 (1970); *see also Saade v. Homeward Residential, Inc.*, 92 Mass. App. Ct. 1119, 2017 WL 6419318, at *1–2 (Dec. 18, 2017) (confirming *Kagan*'s continuing validity and dismissing action when plaintiff addressed mail containing summons and complaint to foreign corporation rather than designated individual). Here, process was not addressed to any designated individual. Plaintiff instead improperly addressed the mailing containing the summons and complaint to "Cargill Incorporated," rendering service ineffective under Massachusetts law.[2]

Instead of addressing this issue, Plaintiff argues that service was proper because "[t]he Summons was addressed '"To the Officer, Manager or General Agent, or Trustee

---

[1] As analyzed in Cargill's Memorandum in Support of Motion to Dismiss ("Cargill's motion-to-dismiss brief") (Dkt. 8) at 4, Massachusetts law governs the sufficiency of service of process ***before*** Cargill removed this action to this Court. Plaintiff's opposition brief does not address this argument.

[2] Envelope containing Plaintiff's counsel's letter (Ex. B to Cargill's motion-to-dismiss brief) (Dkt. 8)).

2

or the Person in Charge: Cargill, Incorporated.'"[3] But whether Plaintiff properly identified a designated individual on the summons is irrelevant to whether Plaintiff also served that summons on a designated individual in accordance with Massachusetts law. Indeed, a motion to dismiss based on a process defect is wholly distinct from a motion to dismiss based on a service defect, under both Massachusetts and Federal law. *Compare* MRCP 12(b)(4), *and* FRCP 12(b)(4) (providing defenses for insufficient process), *with* MRCP 12(b)(5), *and* FRCP 12(b)(5) (providing defenses for insufficient service of process"); *see also Rasheed v. D'Antonio*, No. 10-11253, 2012 WL 1065574, at *2 (D. Mass. Mar. 12, 2012) (stating that Rules 12(b)(4) and 12(b)(5) separately "allow a proposed defendant 'to challenge irregularities in the contents of the summons (Rule 12(b)(4)) and irregularities in the manner of delivery of the summons and complaint (Rule 12(b)(5))'"), *adopted by* 2012 WL 1065572 (D. Mass. Mar. 27, 2012).

Plaintiff also improperly cites MRCP 4(e) to suggest that service was effective because the summons and complaint were purportedly delivered to Cargill's principal place of business and received by a Mr. Charles Mack.[4] The language Plaintiff quotes to support this assertion actually comes from MRCP 4(d)(2), which applies to ***personal*** delivery of process, not service via mail.[5] *See* MRCP 4(d)(2) (stating that personal

---

[3]   Plaintiff's Memorandum of Law in Support of the Plaintiff's Opposition to the Defendant, Cargill, Inc., Motion to Dismiss ("Plaintiff's brief") (Dkt. 13) at 7.

[4]   Plaintiff's brief (Dkt. 13) at 6–7.

[5]   Plaintiff's brief (Dkt. 13) at 6 (quoting MRCP 4(e) for the proposition that "service shall be made against a foreign corporation by delivering a copy of the summons and the complaint to 'an officer, to a managing or general agent, or to the person in charge of the business at the ***principal place of business*** thereof...'").

3

service of a corporation within the commonwealth "shall be made . . . by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof"); *see also* MRCP 4(e) (stating that service outside the commonwealth may be made by, among other methods, delivering a copy of the summons and of the complaint (1) "in any appropriate manner prescribed in subdivision (d) of [Rule 4]" *or* (2) "by any form of mail addressed to the person to be served and requiring a signed receipt"). Further, Plaintiff has provided no evidence that, even if the service had been personal as opposed to via mail, Charles Mack is such a designated individual authorized to receive personal service on Cargill's behalf.[6] For all these reasons, Plaintiff has failed to meet her burden of establishing the sufficiency of service required to make Cargill, in the United States Supreme Court's words, a "party officially" to this action. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

## II.   PLAINTIFF HAS FAILED TO ESTABLISH GOOD CAUSE FOR THE FAILURE TO SERVE CARGILL.

Plaintiff has not established good cause to excuse the ineffective service. Plaintiff argues that (1) Plaintiff made a reasonable effort to serve Cargill with process in the time

---

[6] Plaintiff's brief (Dkt. 13) at 7 (stating without analysis that Charles Mack is "Defendant's agent"); *see also Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 83–84 (D. Mass. 2016) (stating that under Massachusetts and Federal law, whether someone is a "managing or general agent" authorized to accept service of process "depends on a factual analysis of that person's authority within the organization" and usually requires "broad executive responsibilities").

required by Massachusetts law, (2) Cargill has not been prejudiced by Plaintiff's failure to effectuate service, and (3) Plaintiff moved for an extension of time to perfect service after Cargill moved to dismiss.[7] But these arguments incorrectly characterize the good cause standard, and are irrelevant to such an analysis in any event.

Massachusetts courts have made clear that MRCP 4(j)'s good cause standard is "stringent." *Hull v. Attleboro Sav. Bank*, 33 Mass. App. Ct. 18, 26 (1992). The question is not whether a plaintiff's attempt at service was reasonable, but whether the plaintiff made a "***diligen[t]*** albeit unsuccessful effort to complete service within the period prescribed by the rule." *Id.* (alteration in original, internal quotation marks omitted). Plaintiff's brief does not explain how the failure to comply with black-letter Massachusetts law governing service via mail was diligent. To the contrary, Plaintiff ignores the good cause standard and instead reiterates the contention that service was effective under MRCP 4(e).[8] As thoroughly analyzed in Cargill's Motion to Dismiss, Plaintiff's failure to comply with black-letter Massachusetts law does not demonstrate a diligent effort to complete service within the prescribed time.[9] (Indeed, the reporter's note describes MRCP 4(e) as "largely self-explanatory . . . when read with Rule 4(d)(1) and (2) and G.L. c. 223, § 37." MRCP 4 reporter's note to 1973 rule.) Nor would it if this failure were attributable in part to one of Plaintiff's counsel's employees, as attorneys are ultimately responsible for their employees' actions. *See United States v. Hooper*, 43

---

[7] Plaintiff's brief (Dkt. 13) at 9–11.
[8] Plaintiff's brief (Dkt. 13) at 9–10.
[9] Cargill's motion-to-dismiss brief (Dkt. 8) at 10–13.

F.3d 26, 28 (2d Cir. 1994) (per curiam) (affirming district court's conclusion that misreading of rule by legal assistant who had worked in office for five years and routinely handled relevant filing did not warrant extension of time under broader "excusable neglect" standard).

Plaintiff's counsel's health concerns similarly fail to establish good cause. For example, in *Bruce v. Hiza*, the Appeals Court of Massachusetts concluded that a plaintiff failed to establish good cause to excuse a failure to serve a defendant with process within the requisite time when, during the ninety-day service period, counsel had back surgery, took four weeks leave from work, worked part-time for another four weeks, and accumulated a backlog on his cases. No. 01-P-11, 2002 WL 1763545, at *1 (Mass. App. Ct. July 30, 2002). The court reasoned that at the end of that health-related leave, "timely service could still have been made" and "plaintiff's counsel was not a sole practitioner and, if instructed, one of his associates could have handled the matter." *Id.*; *see also Knott v. Atlantic Bingo Supply, Inc.*, No. 05-1747, 2005 WL 3593743, at * 2 (D. Md. Dec. 22, 2005) (declining to find good cause when, "although Plaintiff's counsel appear[ed] to have a genuine disability . . . Plaintiff's counsel [did] not work alone" and "[a]nother attorney in his firm . . . could have taken over responsibility for seeing process served").

Similarly here, Plaintiff's counsel's affidavit does not show that his health concerns impacted Plaintiff's ability to serve Cargill with process effectively or request an extension of time to do so under MRCP 6. And although Plaintiff's counsel stated in an affidavit that his prescribed medications had "recognized side effects," he did not state

6

that he experienced any of those side effects, that he did so while attempting service of process, or that the side effects caused him to make a mistake with respect to service.[10] Additionally, Plaintiff's counsel is not a sole practitioner. Presently, Plaintiff's counsel's firm's website lists fourteen attorneys. *See Attorneys*, The Law Offices of Pelligrini, Seeley, Ryan & Blakesly, https://www.psrblaw.com/attorney (last visited Mar. 5, 2018).[11] Plaintiff's counsel has not provided any reason why none of these attorneys "could have handled the matter" and effected service in an alleged $22 million lawsuit while counsel had medical constraints. *See Bruce*, 2002 WL 1763545, at *1.

Plaintiff has alleged only mistake of counsel, not a mistake excused by good cause. Indeed, "[t]he focus of the court's inquiry is the reasonableness and diligence of counsel's effort to effect service within the time required." *Shuman v. The Stanley Works*, 30 Mass. App. Ct. 951, 953 (1991). Plaintiff's counsel's representations fall far short of establishing reasonable and diligent efforts to make proper service. As Plaintiff's counsel acknowledges, he returned to work when there were nearly two months left to effectuate service.[12] "In other words, there was time to cure the problem." *See Pantos v. Zarozny*, No. 14-P-1789, 87 Mass. App. Ct. 1129, 2015 WL 3618188, *2 (2015) (Vuono,

---

[10] *See* Affidavit of Michael J. Chieco, Esq. in Support of Plaintiff's Motion to Extend Time to Perfect Service of Process (Dkt. 36-1) at ¶¶ 12–13. Although counsel for the defendant does not doubt that counsel for the plaintiff experienced medical issues, it is worthy of note that these issues were not even mentioned in Plaintiff's Motion to Extend Time to Perfect Service of Process. *See* Plaintiff's Motion to Extend Time to Perfect Service of Process (Dkt. 10) at 3–4.

[11] This Court may take judicial notice of this information on Plaintiff's counsel's firm's website. *See Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of information on a website that was "not subject to reasonable dispute"); *see also* FRE 201.

[12] *See* Affidavit of Michael J. Chieco, Esq. (Dkt. 13-1) at ¶ 11 (listing hospitalization from October 19 to October 20, 2017, and follow-up appointment on November 1, 2017).

Wolohojian & Sullivan, JJ.) (holding that failure to serve properly not excused by good cause when plaintiff did not explain efforts to make proper service and facts indicated only that error occurred, and affirming dismissal even though plaintiff's claims were likely time barred). "If the error was on the part of counsel, mistake or inadvertence are not good cause." *Id.*

Plaintiff's remaining arguments similarly fail to establish good cause. Plaintiff argues that Cargill was not prejudiced by Plaintiff's error, but, as clearly stated in Cargill's motion-to-dismiss brief, that "is not a relevant consideration" under MRCP 4(j).[13] *Comm'r of Rev. v. Carrigan*, 45 Mass. App. Ct. 309, 315–16 (1998). Further, as stated in Cargill's brief opposing Plaintiff's motion to extend time, the good cause analysis focuses on good cause ***during*** the ninety-day service period.[14] *See id.* at 314 n.5 (stating that post-ninety-day filing of MRCP 6(b) motion did "not alter [the court's] analysis since the [plaintiff] is not thereby relieved of his burden of showing good cause under rule 4(j)"). It is therefore irrelevant to this Court's good cause inquiry whether Plaintiff filed a motion to extend the time to effectuate service of process ***after*** the ninety-day service period expired.

In sum, Plaintiff's explanations for the failure to effectively serve Cargill within the requisite time are insufficient. Accordingly, Plaintiff's failure to effectively serve

---

[13] Cargill's motion-to-dismiss brief (Dkt. 8) at 12–13.

[14] Cargill's Opposition to Plaintiff's Motion to Extend Time to Perfect Service of Process ("Cargill's motion-to-extend opposition brief") (Dkt. 20) at 8 n.10.

8

Cargill with process within the ninety days prescribed by MRCP 4(j) is not excused by good cause.

### III. DISMISSAL IS MANDATORY, NOT DISCRETIONARY, IN THE ABSENCE OF GOOD CAUSE.

Plaintiff finally argues that even if there is no good cause for the failure to effectively serve Cargill within the requisite time, this Court nonetheless has discretion to extend the time to perfect service of process.[15] But Plaintiff is unable to marshal any support for this position and Plaintiff's cases establish the opposite: that without good cause, Massachusetts law mandates dismissal.

Seeking to avoid mandatory dismissal, Plaintiff cites *federal* case law to support the argument that a court may, in its discretion, extend the time to perfect service even in the absence of good cause.[16] But, as stated in Cargill's briefs (and not meaningfully responded to by Plaintiff), Massachusetts law, not the Federal Rules of Civil Procedure, governs whether service was effective *before* this action was removed to federal court, which is the question presently before this Court. *Osborne v. Sandoz Nutrition Corp.*, 67 F.3d 289, 1995 WL 597215, at *1–2 (1st Cir. Oct. 6, 1995).[17] And a plain reading of MRCP 4(j), along with Massachusetts caselaw interpreting that provision, establishes that "[a]bsent a showing of good cause why service was not made within ninety days after the

---

[15] Plaintiff's brief (Dkt. 13) at 11–14.

[16] *See* Plaintiff's brief (Dkt. 13) at 11.

[17] *See* Cargill's motion-to-dismiss brief (Dkt. 8) at 4; Cargill's motion-to-extend opposition brief (Dkt. 20) at 3–6.

filing of the complaint, dismissal is mandatory." *See, e.g., Maniscalco v. Kenworthy*, 62 Mass. App. Ct. 1103, 2004 WL 2185422, at *1 (Sept. 28, 2004).

Further, even the federal cases Plaintiff cites show that this Court must dismiss Plaintiff's complaint. The Massachusetts legislature amended MRCP 4(j) in 1988 to set a "90 day limit after filing for the service of the summons and complaint upon defendants, unless 'good cause' is shown." *See* MRCP 4(j) reporter's note to 1988 amendment. That change was "patterned after" the Federal Rules, but "prescribe[d] a 90 day limit, rather than the 120 days in the Federal Rules, in order to further aid in the timely disposition of cases." *Id.* In 1993, after Massachusetts made this change to MRCP 4(j), the Federal Rules of Civil Procedure were amended such that FRCP 4 no longer mirrors the Massachusetts Rule. *See* FRCP 4(m); *see also* FRCP 4 advisory committee's note to 1993 amendment (stating that the amendment's purpose was to "authorize[] the court to relieve a plaintiff of the consequences of an application of this [rule] ***even if there is no good cause shown***"). It is only this 1993 amendment to FRCP 4 that provides federal courts today with discretion to extend the time to perfect service, even in the absence of good cause. *See, e.g., Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

The very cases cited by Plaintiff recognize, however, that before that 1993 change in the Federal Rule—which has not been adopted by Massachusetts—courts lacked discretion to extend the time to perfect service of process in the absence of good cause. *See, e.g., Horenkamp*, 402 F.3d at 1131 (stating that former FRCP 4(j) "was clear on its

10

face that *a court was required to dismiss a case* if service of process was not effected within the 120-day period, unless the Plaintiff could demonstrate good cause for the failure to do so"); *Panaras*, 94 F.3d at 339 ("Prior to amendment in 1993, the federal rules . . . *required that district courts dismiss cases* without prejudice if service was not made within 120 days of the filing of the complaint, unless a plaintiff showed good cause for the delinquency"); *Petrucelli*, 46 F.3d at 1304 (stating that under prior version of Rule 4, "a district court *was required to dismiss a case* if service of process was not effected within the 120 day period, unless the plaintiff showed good cause for the delinquency"). Under MRCP 4(j)—and the then-existing federal rule after which it is modeled—in the absence of good cause, dismissal is mandatory.

The additional statutory provisions Plaintiff cites do not allow Plaintiff to avoid mandatory dismissal. Massachusetts General Laws Chapter 231, § 51 governs amendments to process itself, which, as discussed above, are not at issue in this motion. Any discretion that Section 51 may afford is not, therefore, applicable here. Similarly, *Salifu v. Ward* involved a process defect, rather than a service defect, so its conclusion is not applicable. 1998 Mass. App. Div. 273, at *1 (Dec. 28, 1998). And Massachusetts General Laws Chapter 223, § 84, only permits "service of new process *in accordance with the applicable rules of the court*." Since 1988, the applicable rule governing service of process, MRCP 4(j), has mandated dismissal in the absence of good cause if service is not effectuated within ninety days of filing the complaint. *Maniscalco*, 2004 WL 2185422, at *2. Accordingly, under § 84, a court may exercise its discretion to extend the time to perfect service of process only "upon a showing of good cause by the

11

party whose efforts to complete timely service have been unsuccessful." *Id.* As discussed above, Plaintiff has not established such good cause here.

## CONCLUSION

Plaintiff did not effectively serve Cargill with process within the time prescribed by Massachusetts law before this action was removed to federal court, and lacks good cause for the failure to do so. This case is therefore subject to mandatory dismissal. Further, since Plaintiff concedes that, if dismissed, the action will be barred by the statute of limitations,[18] this dismissal should be with prejudice.

Date: March 6, 2018

The Defendant,
CARGILL, INCORPORATED
By Its Attorneys,

*/s/ Jeffrey E. Poindexter*
Jeffrey E. Poindexter, BBO No. 631922
Elizabeth S. Zuckerman, BBO No. 673190
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Telephone: (413) 781-2820
Facsimile: (413) 272-6806
jpoindexter@bulkley.com
ezuckerman@bulkley.com

Robert J. Gilbertson (admitted *pro hac vice*)
Jenny Gassman-Pines (admitted *pro hac vice*)
Caitlinrose H. Fisher (admitted *pro hac vice*)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 373-0830
BGilbertson@GreeneEspel.com
JGassman-Pines@GreeneEspel.com
CFisher@GreeneEspel.com

---

[18] Plaintiff's brief (Dkt. 13) at 13 (stating that "the statute of limitations in this matter has run . . . and if this matter is dismissed a new suit cannot be brought").

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 6, 2018, I caused the foregoing document to be filed electronically on CM/ECF, thereby causing electronic notice to be provided to all counsel of record and mailed First Class Mail to all other parties.

By: /s/ *Jeffrey E. Poindexter*
    Jeffery E. Poindexter

2904194v1