UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINA CROSSETTI AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. CROSSETTI, JR.,<br>    Plaintiff,<br><br>            v.<br><br>CARGILL, INCORPORATED,<br>    Defendant. | Case No. 3:18-cv-30002-KAR |

MEMORANDUM AND ORDER REGARDING
CARGILL, INCORPORATED'S MOTION TO DISMISS AND
PLAINTIFF'S MOTION TO EXTEND TIME TO PERFECT SERVICE OF PROCESS
(Dkt. Nos. 7 and 10)

ROBERTSON, U.S.M.J.

**I. Introduction**

The defendant, Cargill, Incorporated ("Cargill" or "Defendant") moves to dismiss this negligence and wrongful death action against it based on insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Cargill seeks dismissal with prejudice on the ground that the statute of limitations has run and the action cannot be refiled. The plaintiff, Gina Crossetti ("Plaintiff" or "Crossetti") maintains that service of process was sufficient, and, therefore, dismissal would be inappropriate. Alternatively, Crossetti moves for an extension of time to perfect service of process. For the reasons discussed below, Defendant's motion to dismiss is allowed without

prejudice, and Plaintiff's motion for an extension of time to perfect service of process is denied.[1]

**II.     Background**

   A. The Complaint

Crossetti is a Massachusetts resident and the duly appointed personal representative of the Estate of Robert A. Crossetti, Jr. She brings this action on behalf of the Estate. Cargill is a corporation duly organized under the laws of the State of Delaware, with a principal place of business located at 15407 McGints Road, Wayzata, Minnesota. One of Cargill's business ventures is the sale and distribution of road salt throughout the United States, including in Massachusetts. Salt City, Inc. ("Salt City"), a company operating out of Westfield, Massachusetts, is in the business of receiving road salt from Cargill, which it stockpiles for further distribution to surrounding communities for winter road de-icing, application, and treatment. Cargill owns all of the real property, buildings, fixtures, and machinery located at Salt City, including a salt conveyer system.

On November 19, 2014, Robert A. Crossetti, Jr. ("the decedent") was working within the scope of his employment with Salt City at the salt conveyer system. Upon attempting to clean an accumulation of salt that had formed on the roller, the decedent's right arm was pulled into the roller and conveyer belt. He died from his injuries. Crossetti brings claims against Cargill for conscious pain and suffering and wrongful death.

   B. Procedural History

Crossetti filed the instant action on September 28, 2017, in the Hampden County Superior Court. The parties agree that the statute of limitations on Crossetti's claims ran shortly

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes (Dkt. No. 15). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

thereafter, on November 19, 2017.  *See* Mass. Gen. Laws ch. 229, § 2 (setting a three-year statute of limitations for wrongful death claims); Mass. Gen. Laws ch. 260, § 2A (setting a three-year statute of limitations for tort claims to recover for personal injuries).  On November 29, 2017, Crossetti mailed a certified letter to Cargill enclosing a copy of the summons, complaint, civil action cover sheet, and scheduling order.  The letter was addressed to "Cargill Incorporated," and was delivered to Cargill's Minnesota headquarters on December 4, 2017.  A Charles Mack signed the certified mail receipt, which was received by Plaintiff's counsel.  On December 11, 2017, Plaintiff's counsel filed proof of service, including an Affidavit, with the Hampden County Superior Court.

Cargill removed the action to this court on January 2, 2018 on the basis of diversity of citizenship.  On January 9, 2018, Cargill filed its motion to dismiss based on insufficient service of process.  That same day, Crossetti filed her motion to extend time to perfect service of process.

**C. Discussion**

1. Cargill's Motion to Dismiss

"[S]tate law governs the service of process prior to removal to the district court." *Osborne v. Sandoz Nutrition Corp.*, No. 95-1278, 1995 WL 597215, at *1 (1st Cir. Oct. 6, 1995) (per curiam) (unpublished) (citing Fed. R. Civ. P. 81(c)).  *See also* Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure apply to civil actions after removal from state court).  Thus, this court applies the same test that the state court would have applied in determining the sufficiency of service of process prior to removal.  *Osborne*, 1995 WL 597215,

at *2.

Pursuant to Mass. R. Civ. P. 4(j), a plaintiff is required to serve a summons and a copy of the complaint upon a defendant within 90 days of filing the complaint. The rule mandates dismissal without prejudice of any action in which the plaintiff fails to effect service of process within the prescribed 90-day period unless the plaintiff demonstrates "good cause" for such failure. *See* Mass. R. Civ. P. 4(j) ("Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."). Since Crossetti filed her complaint on September 28, 2017, she was required, pursuant to Mass. R. Civ. P. 4(j), to serve Cargill with a summons and copy of the complaint by December 27, 2017, or else show "good cause" for her failure to do so. The burden of establishing facts demonstrating valid service is on Crossetti. *Wasser v. PricewaterHouseCoopers, LLP*, No. 02-P-1002, 2004 WL 225534, at *2 (Mass. App. Ct. Feb. 5, 2004) (unpublished) (citing *Brandi v. Nat'l Bulk Carriers, Inc.*, 436 N.E.2d 444, 445 (Mass. App. Ct. 1982)).

Subdivision (e) of Rule 4 controls out-of-state service. It provides:

> When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.

Mass. R. Civ. P. 4(e). *See also* Mass. Gen. Laws ch. 223A, § 6. Crossetti attempted service by

certified mail, which falls under subdivision 4(e)(3). However, Crossetti addressed the letter to "Cargill Incorporated," while Massachusetts law requires that, in the case of a corporation, service be made on "the president, treasurer, clerk, resident agent appointed pursuant to section 49 of chapter 156D, cashier, secretary, agent or other officer in charge of its business, or, if no such officer is found . . . any member of the corporation." Mass. Gen. Laws ch. 223, § 37. *See also* Mass. Gen. Laws ch. 223, § 38 (providing that a foreign corporation may be served "in accordance with the preceding section relative to service on domestic corporations in general, instead of upon the state secretary"). The Massachusetts Supreme Judicial Court has held that service is invalid where the mail is addressed to a corporation rather than one of the statutorily-designated individuals, as occurred here. *Kagan v. United Vacuum Appliance Corp.*, 260 N.E.2d 208, 211 (Mass. 1970). *See also Saade v. Homeward Residential, Inc.*, No. 17-P-104, 2017 WL 6419318, at *1 (Mass. App. Ct. Dec. 18, 2017) (affirming dismissal where the plaintiff attempted to perfect service by registered mail addressed to the defendant corporations by name, rather than by service to a designated individual at each corporation); *Jean v. Direct Merchant Bank Cardmember Servs. Household Bank*, No. 08-P-884, 2009 WL 1183896, at *1-2 (Mass. App. Ct. May 5, 2009) (applying *Kagan* to affirm dismissal of the complaint where the plaintiff addressed the mail to the defendant bank rather than to a particular officer or authorized person as required by Mass. Gen. Laws ch. 223, §§ 37-38); Mass. Gen. Laws ch. 223A, § 8 ("When the law of this commonwealth requires that in order to effect service one or more designated individuals be served, service outside this commonwealth under this chapter shall be made upon the designated individual or individuals."). Thus, Crossetti's attempted service was invalid under subdivision (e)(3) of Rule 4.

In her opposition to Cargill's motion to dismiss, Crossetti suggests that service was

nevertheless valid under subdivision (e)(1) of Rule 4, which authorizes service in any appropriate manner prescribed by subdivision (d) of the Rule. Mass. R. Civ. P. 4(d), in turn, allows personal service upon a foreign corporation subject to suit in Massachusetts by delivering a copy of the summons and the complaint to "an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof . . .." Mass. R. Civ. P. 4(d)(2). Plaintiff maintains that she satisfied these requirements because she mailed the summons and complaint to Defendant's principal place of business in Wayzata, Minnesota, where it was subsequently received, signed, and dated by Charles Mack, an individual who Plaintiff claims is Defendant's agent, and the enclosed summons was addressed "To the Officer, Manager or General Agent, or Trustee or the Person in Charge: Cargill, Incorporated." There are a number of flaws in Plaintiff's reasoning. First, it is immaterial that Crossetti may have properly identified a designated individual on the summons. Cargill's objection is not to the sufficiency of process (i.e. the content of the summons), but to the sufficiency of the manner of attempted service. *Compare* Fed. R. Civ. P. 12(b)(4) *and* Mass. R. Civ. P. 12(b)(4) (providing defenses for insufficient process), *with* Fed. R. Civ. P. 12(b)(5) *and* Mass. R. Civ. P. 12(b)(5) (providing defenses for insufficient service of process); *see also Rasheed v. D'Antonio*, No. 10-11253-GAO, 2012 WL 1065574, at *2 (D. Mass. Mar. 12, 2012) ("'Rules 12(b)(4) and (5)' allow a proposed defendant 'to challenge irregularities in the contents of the summons (Rule 12(b)(4)) and irregularities in the manner of delivery of the summons and complaint (Rule 12(b)(5)).'" quoting *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds*, 487 U.S. 412 (1988)), *adopted by* 2012 WL 1065572 (D. Mass. Mar. 27, 2012). Second, Rule 4(d) applies to personal delivery of process, not service by mail, which is what was attempted here. Third, when serving a corporation via personal service at the principal place of business, such service

must be made on the "person in charge of the business." There is no evidence before the court that Mr. Mack was the person in charge of Cargill. Finally, even assuming *arguendo* that Mr. Mack is Defendant's agent as Crossetti claims, personal service on him is proper only if Mack is either a "managing or general agent." *Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 83-84 (D. Mass. 2016).

> The determination whether an individual is "a managing or general agent" depends on a factual analysis of that person's authority within the organization. One occupying this position typically will perform duties which are "sufficiently necessary" to the corporation's operations. He should be "a responsible party in charge of any substantial phase" of the corporation's activity. In brief, it is reasonable to expect that such an agent will have broad executive responsibilities and that his relationship will reflect a degree of continuity.

*Egan*, 193 F. Supp. 3d at 83-84 (quoting *Furukawa Elec. Co. of N. Am. v. Yangtze Optical Fibre & Cable Co. Ltd.*, No. 05-11219-RGS, 2005 WL 3071244, at *2 (D. Mass. Nov. 16, 2005)). Just as there is no evidence before the court that Mr. Mack was the person in charge of Cargill, there is no evidence from which to conclude that Mr. Mack was a managing or general agent of Cargill. For these reasons, Crossetti's attempted service of process on Cargill did not satisfy the requirements of Mass. R. Civ. P. 4(e)(1), either.

Finally, in her motion to extend time to perfect service of process, Plaintiff argues that service was perfected pursuant to Minnesota Rule of Civil Procedure 4.03. Were Plaintiff correct, such service would be valid under Mass. R. Civ. P. 4(e)(2) for service "in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction." *Id*. However, Minn. R. Civ. Pro. 4.03 deals with personal service, not service by mail. *See Melillo v. Heitland*, 880 N.W.2d 862, 864 (Minn. 2016) ("It is Rule 4.05, not Rule 4.03, that specifies how 'service by mail' must be

7

accomplished. To state the obvious: service by mail is not personal service, and personal service is not service by mail."). Thus, Crossetti's attempted service did not satisfy the requirements of Mass. R. Civ. P. 4(e)(2).

Crossetti's failure to effect service of process by December 27, 2017, ninety days after she filed the complaint, renders the action subject to dismissal without prejudice pursuant to Mass. R. Civ. P. 4(j). The rule is strictly construed, *Comm'r of Revenue v. Carrigan*, 698 N.E.2d 23, 26 (Mass. App. Ct. 1998), and does not merely permit, but mandates dismissal if Crossetti is unable to advance "good cause" for her failure to effect valid timely service. *Id*. *See also Pantos v. Zarozny*, No. 14-P-1789, 2015 WL 3618188, at *2 (Mass. App. Ct. 2015) (unpublished) ("Dismissal is mandatory absent a showing of good cause."). The burden of proof is on Crossetti to demonstrate the requisite "good cause." *Shuman v. Stanley Works*, 571 N.E.2d 633, 635 (Mass. App. Ct. 1991)).

"Good cause is '"a stringent standard requiring diligen[t]" albeit unsuccessful effort to complete service within the period prescribed by the rule.'" *Comm'r of Revenue*, 698 N.E.2d at 26 (alteration in original) (quoting *Shuman*, 571 N.E.2d at 635). In determining whether a plaintiff has sustained its burden of showing good cause, "[t]he focus of the court's inquiry is the reasonableness and diligence of counsel's effort to effect service within the time required." *Shuman*, 571 N.E.2d at 635 (citing *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986)). Half-hearted efforts by and inadvertence of counsel do not constitute good cause. *Comm'r of Revenue*, 698 N.E.2d at 27. *See also Pantos*, 2015 WL 3618188, at *2 ("If the error was on the part of counsel, mistake or inadvertence are not good cause."). "The only example of good cause provided by the legislative history is the obvious one of a defendant's evasion of service." *Shuman*, 571 N.E.2d at 635 (quoting *Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th

8

Cir. 1985)). "The rule's 'entire focus was to force plaintiffs' (more realistically their lawyers') diligence in order to preserve causes of action against limitations problems.'" *Comm'r of Revenue*, 698 N.E.2d at 26 (quoting *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476, 477 (N.D. Ill. 1984)).

Crossetti variously argues that good cause exists because (1) the statute of limitations in this matter has run; (2) she made reasonable efforts to serve Cargill within the 90-day time limit, (3) Cargill had actual notice of the lawsuit; (4) Cargill has not been prejudiced by the lack of timely service; and (5) she moved for an enlargement of time to serve Cargill on January 9, 2018. (Dkt. No. 13 at 1, 9-11).[2] None of Crossetti's arguments establish good cause. First, the expiration of the statute of limitations "does not prevent the operation of rule 4(j), much less provide a basis of a finding of good cause for the failure to make service." *Hull v. Attleboro Savs. Bank*, 596 N.E.2d 358, 363 (Mass. App. Ct. 1992) (citing *Geiger v. Allen*, 850 F.2d 330, 334 (7th Cir. 1988), and cases cited). *See also Faldonie v. Children's Hosp. Corp.*, No. 17-P-484, 2018 WL 1145712, at *2 n.4 (Mass. App. Ct. Mar. 5, 2018) ("We are not persuaded by the plaintiff's argument that the judge should have considered the fact that the complaint could not be refiled because the statute of limitations had run."); *Pantos*, 2015 WL 3618188, at *2 ("We recognize that the effect of this decision will likely mean that the plaintiff's claims are time barred by the statute of limitations."); *Bruce*, 2002 WL 1763545, at *1 ("The fact that the plaintiff's cause of action is now time-barred does not prevent dismissal . . . ."). Second,

---

[2] In Crossetti's statement of facts, she also notes that her counsel began to experience serious medical issues involving his heart in early September 2017 and underwent a procedure on October 19, 2017, which required hospitalization and resulted in his working on a very limited basis for some period of time. Crossetti does not explicitly argue that her counsel's illness constitutes good cause, nor would it. Based on counsel's own representation, he returned to work in late November 2017. "At . . . that time, timely service could still have been made, but was not." *Bruce v. Hiza*, No. 01-P-11, 2002 WL 1763545, at *1 (Mass. App. Ct. 2002).

9

Crossetti's mistaken belief that she had properly effected service constitutes inadvertence. Under Massachusetts law, which controls here, inadvertence does not constitute good cause. *Comm'r of Revenue*, 698 N.E.2d at 27. *See also Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 884 (3d Cir. 1987) ("[A]n unjustified misunderstanding of the requirements of the law will not suffice [as good cause]."). As to Crossetti's third and fourth arguments, neither the defendant's actual knowledge of the lawsuit, nor the lack of any prejudice from the delay in service, is a relevant factor in a Rule 4(j) analysis. *Comm'r of Revenue*, 698 N.E.2d at 315-16; *Shuman*, 571 N.E.2d at 635 n.3. Finally, Crossetti's burden is to establish good cause during the ninety-day service period, not after. *Comm'r of Revenue*, 698 N.E.2d at 314 n.5; *Hull*, 596 N.E.2d at 363 n.10 ("'[T]he only exception to Rule 4(j) dismissal is good cause for failure to serve within the [ninety] days.'" (alterations in original) (citation omitted)). Accordingly, Crossetti's filing of a motion to extend time to effectuate service of process after that ninety-day period expired is of no consequence. *See id*. Thus, Crossetti has not met her burden of showing good cause, and her complaint is subject to mandatory dismissal without prejudice.

Crossetti argues that even if good cause is not found, it is within the court's discretion to deny the motion to dismiss and to grant an extension of time to effectuate service of process. However, Crossetti cites to federal case law for support, while it is Massachusetts law that controls whether service was effective before Cargill removed this action to federal court. *Osborne*, 1995 WL 597215, at *1. And, as stated, pursuant to Mass. R. Civ. P. 4(j), unless the plaintiff can establish good cause, dismissal is mandatory. This follows from both a plain reading of the rule, *see* Mass. R. Civ. P. 4(j) ("If service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within

10

that period, the action *shall* be dismissed as to that defendant . . ..." (emphasis added), and Massachusetts case law interpreting it. *See Pantos*, 2015 WL 3618188, at *2 ("Dismissal is mandatory absent a showing of good cause.").

The federal cases on which Crossetti relies are of no aid to her because the parallel federal rule, Fed. R. Civ. P. 4(m), allows discretion where Mass. R. Civ. P. 4(j) does not. The federal rule provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). The italicized language is the source of a federal district court's discretion to extend time even absent a finding of good cause, and there is no language like it in Mass. R. Civ. P. 4(j). Thus, under the federal rule, absent a showing of good cause, the court *may either* dismiss the action without prejudice *or* order that service be made within a specified time. Under the Massachusetts rule, absent a showing of good cause, the court *must* dismiss the action without prejudice.

Plaintiff cites two additional statutory provisions in an attempt to avoid mandatory dismissal, neither of which are availing. First, Plaintiff cites Mass. Gen. Laws ch. 231, § 51, which provides that, "[i]n all civil proceedings, the court . . . at any time . . . may allow . . . amendment in matter or form or substance in any process . . . which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought . . .." But Section 51 governs amendments to process, not service, and it is service which is at issue here. Second, Plaintiff cites Mass. Gen. Laws ch. 223, § 84, which provides that, "[i]f in a civil action the defendant makes a motion to dismiss the action for insufficient

service of process, the court may dismiss the action without prejudice or may quash the process and allow the issuance and service of new process in accordance with the applicable rules of court." While at first blush, Section 84 might appear to provide some relief to Plaintiff, it does not. The power under Section 84 is constrained by "the applicable rules of court," and "Rule 4(j) is an 'applicable rule[ ] of court' that governs when the discretion to permit service of new process (as opposed to dismissing the action) is to be exercised, i.e., upon a showing of good cause by the party whose efforts to complete timely service have been unsuccessful." *Maniscalco v. Kenworthy*, No. 03-P-626, 2004 WL 2185422, at *2 (Mass. App. Ct. Sept. 28, 2004) (alteration in original). Thus, Section 84 does not relieve Crossetti of her burden of showing good cause, which she has failed to do, and her complaint is subject to mandatory dismissal without prejudice pursuant to Rule 4(j).

While Rule 4(j) mandates dismissal without prejudice, Cargill seeks dismissal with prejudice on the ground that the statute of limitations on Plaintiff's claims ran as of November 19, 2017. Cargill further maintains that Massachusetts' savings statute, Mass. Gen. Laws ch. 260, § 32,[3] would not permit Crossetti to refile suit beyond the limitations period. Crossetti concedes the running of the statute of limitations, and has not addressed whether relief is available to her under the savings statute. To the contrary, she represents that, if this matter is dismissed, a new action cannot be brought (Dkt. No. 13 at 13). That said, Rule 4(j) provides for mandatory dismissal without prejudice and that is the relief the court will afford. *Cf.*

---

[3] Pursuant to Massachusetts' savings statute, Mass. Gen. Laws ch. 260, §32, "[i]f an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed . . . for any matter of form . . . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal . . . .."

12

*Maniscalco*, 2004WL 2185422, at *3 ("[T]his dismissal, ostensibly without prejudice, will effectively be with prejudice because the period for bringing suit under the statute of limitations has expired . . ..").

    2. <u>Crossetti's Motion to Extend Time to Perfect Service of Process</u>

Crossetti moves to extend time to perfect service of process "in accordance with 28 U.S.C. §1448, and pursuant to the concept of fundamental fairness as permitted under Rules 4 and 6 of the Massachusetts and Federal Rules of Civil Procedure" (Dkt. No. 10 at 1). Plaintiff makes three arguments in support of her motion, which are the same arguments she makes in opposition to Cargill's motion to dismiss. First, Plaintiff argues that Cargill was properly served pursuant to both federal and Massachusetts law. The court has already dispensed with this argument. Massachusetts law controls whether Defendant was properly served with process prior to removal, *Osborne*, 1995 WL 597215, at *1, and, because Plaintiff failed to address the mailing to one of the statutory designated individuals capable of receiving service on behalf of a corporation, service was invalid. *Kagan*, 260 N.E.2d at 211. Plaintiff has not met her burden of showing valid service within the 90-day time period allotted under Mass. R. Civ. P. 4(j). Second, Plaintiff argues that if proper service was not made within the 90-day time period, she has demonstrated good cause for the failure. In support of her position, Plaintiff advances the same reasons as those she advanced in her opposition to Defendant's motion to dismiss. The court has found that the asserted justifications fail to establish good cause. Finally, Plaintiff argues that the court has discretion to grant an extension to effectuate service of process even in the absence of a finding of good cause. The court has found that this is in inaccurate statement of the law. While a court has discretion under the parallel federal rule, Fed. R. Civ. P. 4(m), it is the Massachusetts Rule, Mass. R. Civ. P. 4(j), which is applicable here, and the latter makes

13

dismissal mandatory absent a showing of good cause. Plaintiff additionally invokes Mass. R. Civ. P. 6(b), under which an enlargement of time may be available after a deadline passes, as it did here, for "excusable neglect." Mass. R. Civ. P. 6(b). "However, the plaintiff's reliance on rule 6(b) . . . does not relieve her of the burden of establishing 'good cause' under rule 4(j)." *Johnson v. Maynard*, No. 05-P-1650, 2007 WL 1112521, at *2 (Mass. App. Ct. Apr. 13, 2007) (citing *Comm'r of Revenue*, 698 N.E.2d at 27 n.5 (noting that the plaintiff's seeking of an extension under rule 6(b) did not alter the analysis, since the plaintiff was "not thereby relieved of his burden of showing good cause under rule 4(j)")). Because Plaintiff has not shown good cause under Rule 4(j), she is not entitled to an enlargement of time under Rule 6(b).

Unfortunately for Plaintiff, 28 U.S.C. § 1448 offers her no relief. Section 1448 provides that, "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." However, the First Circuit has held that Section 1448 does not apply where an improperly served action would have been subject to dismissal had it remained in state court. In other words, Section 1448 cannot be used to "'breathe jurisprudential life in federal court to a case legally dead in state court.'" *Osborne*, 1995 WL 597215, at *2 (quoting *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168 (3d Cir. 1976)). *See also Morton v. Meagher*, 171 F. Supp. 2d 611, 615 (E.D. Va. 2001) ("However, § 1448 does not retroactively extend the time limits prescribed by state law in cases where service was untimely *before* the action is removed to federal court. Nothing in the text, or legislative history, of § 1448 permits it to serve as a phoenix for the ashes of an action that could

14

not have survived in the state courts."). This is precisely the situation here, and, therefore, Plaintiff cannot avail herself of 28 U.S.C. § 1448 to resuscitate her case. Thus, Plaintiff has not shown an entitlement to the additional time she seeks to perfect service of process, and her motion is denied.

**D. Conclusion**

For the foregoing reasons, the court allows Defendant's motion to dismiss without prejudice and denies Plaintiff's motion to extend time to perfect service of process. The case may be closed on the court's docket.

IT IS SO ORDERED.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: June 8, 2018